IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY E. COOK,

        Petitioner,              No. CIV S-08-1112 JAM GGH P

    vs.

RICH SUBIA, Warden,

        Respondent.        FINDINGS AND RECOMMENDATIONS

_____/

Introduction

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner, convicted of second degree murder in 1981, and sentenced to a term of 17 years to life, challenges the Board of Parole Hearings (BPH) decision on November 28, 2005, finding petitioner unsuitable for parole.  Petition, p. 1. Petitioner raises the following grounds for his challenge: 1) due process violation where California regulations create a liberty interest in parole and the BPH continues to rely on unchanging factors (the commitment offense and criminal history) in denying petitioner parole; 2) biased BPH members violate petitioner's due process rights.  See Petition.

\\\\\

\\\\\

1

Motion to Dismiss

Pending before the court is respondent's motion to dismiss the petition as barred by the one-year AEDPA statute of limitations, filed on July 24, 2008, which petitioner opposed.

*Discussion*

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) was enacted.  AEDPA amended 28 U.S.C. § 2244(d)(1) so that it now provides,

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The § 2244(d)(1)(D) limitation period for petitions that challenge administrative decisions "begins to run on 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.'"  Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004), citing Redd v. McGrath, 343 F.3d 1077, 1082 (9th Cir. 2003).  Under Redd, for habeas petitions challenging parole suitability hearings, the statute of limitations runs from the date the BPH denies the administrative appeal.  Redd v. McGrath, 343 F.3d at 1082-1084 (9th Cir. 2003), citing 28 U.S.C. § 2244(d)(1)(D).  The Shelby Court noted that in Redd, a challenge to a parole board's denial of an administrative appeal, it had found that the statute of limitations began running the day after petitioner received notice of the Board's

1    decision.  However, as respondent contends, since <u>Redd</u>, the administrative appeal/review

2    process for parole suitability determinations has been eliminated, arguing that therefore the

3    factual predicate of petitioner's claims became known to him on November 28, 2005, the date

4    when petitioner appeared before the BPH for his parole consideration hearing.  MTD, p. 4, Ex.

5    G, Transcript of Nov. 28, 2005,  Parole Hearing.  On that day, petitioner learned of the reasons

6    for the denial, thus triggering the running of the statute, according to respondent.  MTD, pp. 4-5.

7    Thus, under respondent's argument, 290 days of the statute had run before petitioner filed his

8    initial state court petition in San Bernardino County Superior Court, on September 18, 2006.

9    MTD, p. 5, Ex. A.  In opposition on this point, however, petitioner argues that the BPH decision

10   did not become final until March 28, 2006.[1]  Opposition (Opp.), p. 2.  On the last page of the

11   transcript of the hearing, dated as 11/28/05, the following is stated:

12               PAROLE DENIED THREE YEARS
             THIS DECISION WILL BE FINAL ON:  <u>MAR 28, 2006</u>
13               YOU WILL BE PROMPTLY NOTIFIED, IF PRIOR TO THAT DATE, THE
             DECISION IS MODIFIED.
14

15    Petition, p. 118; Respondent's Ex. A, p. 107, Ex. G, p. 60.

16                In both <u>Redd</u>, 343 F.3d at 1084-1085, and <u>Shelby</u>, 391 F.3d at 1065-1066, the

17   Ninth Circuit has found that the statute of limitations under 2244(d)(1)(D) only begins to run

18   once the administrative decision is final.  In other words, the Ninth Circuit appears to have found

19   that the date for discovery with "the exercise of due diligence" of the "factual predicate" of

20   petitioner's claim does not occur until the decision is deemed final by the relevant administrative

21   authority.  Under <u>Redd</u>, the Ninth Circuit expressly declined to adopt the Fifth Circuit's approach

22   where it has been determined that the limitations period begins to run "when the initial

23   administrative decision is made."  343 F.3d at 1084 n. 11, citing <u>Kimbrell v. Cockrell</u>, 311 F.3d

24

25               [1] Petitioner actually states that the final decision date was March 26, 2006, an apparent
     typographical error as the date stamped on the transcript copies submitted is March 28, 2006.  Opp.,
26   p. 2.

361, 363 (5th Cir. 2002). Although the court cannot locate a Ninth Circuit decision speaking precisely to the issue at hand, that is, to the specific question of whether or not, in light of the elimination of the administrative appeal process for parole decisions, the trigger date for a parole denial dates from the date of the initial hearing decision or upon finality of the administrative decision as determined by the administrative entity, the relevant precedent militates for a finding that the date is triggered when the parole decision is determined to be final administratively.[2] In addition, the language by the BPH itself on the hearing transcript expressly states that the decision will not be final until March 28, 2006, and, at least implies, that a modification could occur. Thus, even assuming petitioner were fully aware that his parole was tentatively denied as of the Nov. 28, 2005, hearing, and the reasons therefore, the notification at the end of the transcript of the hearing as to when the decision would become "final," would suggest that any state court petition filed earlier as to the decision might be premature.[3] See, e.g., Solorio v. Hartley, __ F. Supp.2d___, 2008 WL 5423449 *2 (C.D. Cal. Dec. 10, 2008) (finding AEDPA statute of limitations began to run after the parole decision became final). In light of the existing precedent and the BPH's express notification of the future date of final decision on the transcript of the Nov. 28, 2005, panel hearing, this court finds that the trigger date for the running of the statute is March 28, 2006, and that the statute began to run on the next day, March 29, 2008. Shelby, 391 F.3d at 1066, citing Redd v. McGrath, 343 F.3d at 1082. Petitioner seeks an even later trigger date, from late August of 2006, contending that he did not receive the transcripts for his parole hearing until that time, arguing that immediately thereafter he, along with another

---

[2] Although the Ninth Circuit finds that the limitations period for petitions challenging parole denials runs from when the factual basis of the claims could have been discovered through due diligence, pursuant to § 2244(d)(1)(D), the reasoning of Redd and Shelby appears to apply § 2244(d)(1)(A) in determining that the statute begins to run from when the decision of the BPH becomes final.

[3] CAL. CODE REGS. tit.xv, § 2041(h), states, in relevant part, as to "Review of Life Prisoner Decisions,"that "[a]ny proposed decision of the panel shall become final within 120 days of the hearing."

4

1   inmate, began preparing his initial state court petition.  Opp., p. 2.  See Equitable Tolling

2   discussion, below.  In any event, as noted above, petitioner concedes that the decision became

3   final in March 2006.  See footnote 1.

4           Thus, the court finds that by the time petitioner filed his first state habeas petition,

5   on September 18, 2006, 174 days of the statutory limitation period had lapsed from the date of

6   the final administrative decision, on March 28, 2006.  Respondent's Ex. A.[4]  That petition was

7   denied on October 4, 2006.  Respondent's Ex. B.  Thereafter, petitioner filed his petition to the

8   Fourth Appellate District Court of Appeal on February 9, 2007, which was denied on March 1,

9   2007.  Respondent's Exs. C & D.  Petitioner's petition to the state supreme court was filed on

10  June 6, 2007, and denied on November 14, 2007.  Respondent's Exs. E & F.  The instant petition

11  was filed on May 21, 2008.

12          28 U.S.C. § 2254(d)(2) provides that the time during which a properly filed

13  application for state post-conviction or other collateral review with respect to the pertinent

14  judgment or claim is pending shall not be counted toward any period of limitation under this

15  section.  In Carey v. Saffold, 536 U.S. 214, 122 S. Ct. 2134 (2002), the United States Supreme

16  Court found that habeas petitioners are entitled to tolling of the limitations period under 28

17  U.S.C. § 2244(d)(2) between the period of time after which a habeas petition is denied at a lower

18  level and then filed at a higher one to the extent that petitioner seeks higher court review of the

19  lower court's decision.  See also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999) (the

20  statute of limitations is tolled under 28 U.S.C. § 2254(d)(2) during the time properly filed state

21  post-conviction proceedings are pending, and that tolling applies from the time the first state

22  habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral

23  challenge).  For purposes of § 2244(d)(2), the Supreme Court has more recently held that a

24  petitioner is entitled to interval tolling only for petitions that were timely filed under state law.

25  _____

26          [4]  Petitioner expressly confirms the accuracy of  the filing dates ascribed by respondent to
    petitioner's state court petitions and the instant petition.  Opp., p. 1.

5

1    Evans v. Chavis, 546 U.S. 189, 126 S. Ct. 846, 849 (2006).  In most states, a statute sets forth a

2    time period, such as 30 or 60 days, for the filing of a timely appeal.  Id., 126 S. Ct. at 849.  Under

3    California law, which does not permit an appeal by a petitioner from an adverse decision, a

4    petition for writ of habeas corpus filed in the next court is timely if filed within a "reasonable

5    time."  Id., 126 S. Ct. at 849 (citing In re Harris, 5 Cal. 4th 813, 828 n. 7, 21 Cal. Rptr. 2d 373

6    (1993)).  Respondent argues that the 127- day gap between the denial of the superior state court

7    petition, on Oct. 4, 2006, and the filing of the Feb. 9, 2007, state appellate court petition was an

8    unreasonable delay and that petitioner is therefore not entitled to tolling during that interval.  In

9    support of that contention, petitioner cites Culver v. Dir. Corr., 450 F. Supp.2d 1135, 1140-41

10   (C.D. Cal. 2006), as well as a number of unpublished district court decisions to demonstrate

11   interval periods that have been determined to have been so unjustified or unreasonable as not to

12   warrant tolling.   Opp., p. 5, Ex. H.  In Culver, supra, unexplained intervals of 97 days and 71

13   days between the denial of one state court habeas petition and the filing of another were found to

14   be unreasonable and did not act to toll the statute during those intervals.  In Lor v. Kramer, 2007

15   WL 1723300 *1 (E.D. Cal. 2007), the court granted no tolling for the 140-day gap between the

16   state appellate court habeas petition denial and the filing of the state supreme court petition

17   "especially considering the 88 days that passed between" the denial of the state superior court

18   petition and the filing of the state appellate court petition.  In Forrister v. Woodford, 2007 WL

19   809991, * 3 (E.D. Cal. 2007), the district court found petitioner not entitled to tolling for a delay

20   of 88 days between the denial of a state superior court habeas petition and the filing of a habeas

21   petition in the California Supreme Court because the gap "far exceeded the 30 to 60 day period

22   the Supreme Court used as a bench mark in Chavis."  In Potts v. Giurbino, 2006 WL 1377105,

23   *4 (E.D. Cal. 2006), a delay of 143 days between the denial of the first state court habeas

24   petition, in superior court, and the filing of the second habeas, in the state appellate court, was

25   found to be "clearly unreasonable."  In Chavez v. Henry, 2006 WL 1875442, *4, *6 (E.D. Cal.

26   2006) (144-day gap between denial of state appellate court petition and state supreme court filing

1   is a delay more than twice that of the 30 to 60 days most states permit and the California Rules

2   provide that the People have 60 days to appeal a grant of habeas relief in the superior court),

3   adopted by Order, in Chavez v. Henry, 2007 WL 120039 (E.D. Cal. 2006).

4           In opposition, petitioner maintains that following the state superior court denial,

5   he prepared the petition for the California Court of Appeal and sent it to his wife, Jeri Cook, for

6   copying and filing. Opp., p. 4. He provides no date for when he performed this action.

7   Petitioner goes on to state that his wife then copied and sent the petition to the Court of Appeal

8   address she had been provided by Inmate Jimmy St. Clair, who had gotten the address for the

9   court out of the Prisoner's Rights Union Resource Guide, according to petitioner, which provided

10  an erroneous address, as the petitioner later learned that the court had been moved from an

11  address in San Bernardino to Riverside, California, when the petition was returned to him at his

12  prison address. Opp., p. 4. Petitioner states that it took him a while to obtain the correct address,

13  which was not in the prison law library, but petitioner again provides no dates whatever as to

14  when the petition was returned or how and when he learned the correct address. Petitioner, again

15  on an unidentified date, sent the package to his wife to re-mail. Id. Petitioner concedes that it

16  took him 127 days to get the petition filed and states that he apologizes, stating that "he and

17  Jimmy St. Clair honestly did not think such a large court would move." Opp., p. 5. Petitioner's

18  explanations for the delay in filing the state appellate court petition simply do not entitle

19  petitioner to statutory tolling under the only possible basis under which he might seek it, §

20  2244(d)(1)(B). Assuming the truth of the allegation that the resource or reference consulted in

21  the prison may not have had the most current address for the state appellate court, such a

22  circumstance does not constitute a sufficient basis for this court to find thereby a state-created

23  impediment to the filing. Therefore, the court finds, under Evans v. Chavis, supra, the 127-day

24  delay between the denial of the state court habeas petition to be unreasonable and that petitioner

25  is not entitled to tolling for that period.

26  \\\\\

Petitioner is, nevertheless, entitled to tolling for the time his petition was pending in the state appellate court.  By this court's calculation 301 days of the statute had run by the time of the filing of the state appellate court petition on Feb. 9, 2007, which as previously noted, was denied on March 1, 2007.  Thereafter, although petitioner offers explanations for his delay in filing the petition to the state supreme court,[5] which was filed on June 6, 2007, respondent does not challenge that interval and the court will find the statute tolled until the state supreme court denial on Nov. 14, 2007, after which the statutory period recommenced until it expired 64 days later (365 days minus 301), on January 17, 2008.  The instant petition was filed on May 21, 2008, which was 125 days beyond the statute of limitations.  The only question that remains is whether petitioner may be entitled to equitable tolling.

_Equitable Tolling  Standard_

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418, 12 S. Ct. 1807, 1814; Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (a habeas petitioner bears the burden of proving that equitable tolling should apply to avoid dismissal of an untimely petition).  "Equitable tolling is unavailable in most cases," and is only appropriate "if _extraordinary_ circumstances beyond a prisoner's control make it impossible to file a petition on time."  Miranda, supra, at 1066 (internal quotations/citations omitted [emphasis added in Miranda]).  A

---

[5] Petitioner states that the filing date of the state supreme court petition was May 15, 2007, apparently erroneously predicating this period on the date that his wife, Jeri Cook, signed a proof of service for the document.  Opp., p. 5.  However, petitioner, although proceeding pro se, is not entitled to the application of the prison mailbox rule.  See Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period).  Petitioner sent his filings to his wife to be copied, as well as evidently filed and served through the  U.S. mail outside of prison.  The actual filing dates of the petitions therefore are reflected in the court-stamped filing dates on the respective state court petitions.  The same applies to the petition filed in this court which contains a proof of service attached by Jeri Cook.

1  petitioner must reach a "very high" threshold "to trigger equitable tolling [under AEDPA]...lest

2  the exceptions swallow the rule." Id.  The Ninth Circuit has held that claims of ignorance of the

3  law and illiteracy do not constitute such extraordinary circumstances and are insufficient to

4  justify equitable tolling.  See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); see also

5  Hughes v. Idaho State Bd. Of Corrections, supra, 800 F.2d at 909 (9th Cir. 1986) (pro se

6  prisoner's illiteracy and lack of knowledge of the law unfortunate but insufficient to establish

7  cause).

8          Petitioner does not meet the very high requisite threshold to warrant equitable

9  tolling simply because he did not receive his hearing transcripts until some 30 days prior to the

10 filing of his initial state habeas petition, on Sept. 18, 2006.  Petitioner avers that he includes the

11 declaration of his inmate assistant, Jimmy St. Clair, attesting if not to the date of petitioner's

12 receipt of the transcripts at some time in late August of 2006, at least to petitioner's recollection

13 of having immediately thereafter begun to assist petitioner at that point with the initial petition.

14 Opp., p. 2.  However, the court can locate no such declaration.  Petitioner's contention that he

15 should be able to have his hearing transcript before preparing a habeas petition because

16 respondent has access to such records in responding to any such petition (Opp., pp. 3-4) is not a

17 persuasive argument when petitioner was aware of the date of finality of the decision in March of

18 2006, and when petitioner attended the hearing and was present when the reasons for denying

19 parole were articulated.

20          As to his circuitous explanation as to how the state appellate court petition went

21 astray, the court is unable to find that the unfortunate set of circumstances could legitimately

22 warrant equitable tolling.  Not only does petitioner fail to provide anything specific as to when

23 his petition was returned, when it was mailed back out, etc., it is not clear why petitioner's wife

24 could not have ascertained the correct address more quickly, located as she was outside of the

25 prison, either at the outset before the initial mailing or at least by the time it was first returned to

26 petitioner.  Petitioner never explains how he finally uncovered the correct address or how long it

took.  Although petitioner, within his opposition, requests an evidentiary hearing, the court finds

that one is not warranted to determine precisely when petitioner received his hearing transcript or

the reasons for any delay in filing subsequent petitions because petitioner has failed to

demonstrate a sufficient potential, factual predicate for either statutory or equitable tolling.  Since

the court finds petitioner is not entitled either to statutory or equitable tolling, the court will

recommend that the motion to dismiss on grounds of untimeliness be granted.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to

dismiss the petition as barred by the AEDPA one-year statute of limitations, filed on 7/24/08 (#

5), be granted, and this case be dismissed.

These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

shall be served and filed within ten days after service of the objections.  The parties are advised

that failure to file objections within the specified time may waive the right to appeal the District

Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 01/21/09

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH:009
cook1112.mtd